p WOODARD, Judge.
Defendant landowner appeals confirmation of default rendered against him based upon breach of contract. We reverse and remand.
FACTS
On December 9, 1994, Hazel Degeyter Skrantz, mother of plaintiff, Dale Skrantz (Skrantz), contracted with defendants, Marvin Lynn Smith and Dorothy Marie Smith (the Smiths), to sell her tract of land located in St. Landry Parish, “together with all buildings and improvements thereon.” Skrantz asserts that in connection with the cash sale, Hazel Skrantz and the Smiths made a vei’bal agreement authorizing Dale Skrantz to remove a small house from the property. Skrantz asserts that he contracted with a commercial house mover to have the house moved in May of 1995, but that the Smiths stated that he had taken too long to move the house, and refused to allow Skrantz onto the property. The Smiths subsequently advertized the small house for sale. As a third party beneficiary of the contract, Dale Skrantz filed a petition for an injunction to restore possession and to arrest sale.
ROn September 25, 1995, the trial court entered a preliminary default on behalf of Dale Skrantz, and confirmed the default on September 28,1995, awarding him possession and ownership of the house along with other *493 movables, and pecuniary damages. Smiths appeal from this ruling. The
ASSIGNMENTS OF ERROR
The Smiths claim the trial court erred when it:
(1) allowed parol evidence to alter the clear and unambiguous language of a notarial act properly executed and recorded in the records of St. Landry Parish, Louisiana;
(2) rendered judgment for Skrantz and failed to find that any contract between Skrantz and the Smiths had expired due to a lapse of a reasonable time and a reasonable notice;
(3) found that Skrantz had a cause of action, when in fact, he had no cause of action;
(4) found that sufficient proof existed to support the claim of Dale Skrantz.
LAW
La.Code Civ.P. art. 1702 is applicable to default judgments and states in pertinent part:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the ease, require additional evidence in the form of oral testimony before entering-judgment.
The supreme court, in the often cited case of Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993), interpreted these articles, holding that:
lain order for a plaintiff to obtain a default judgment, “he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant.” Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162, 166 (1962). “In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits.” Thibodeaux, 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972); see also Massey v. Consumer’s Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789, 790 (1953).
Because we have the record of the hearing to confirm the default before us, the presumption that the judgment is supported by sufficient evidence does not attach.
Sufficiency of the Evidence
The Smiths’ fourth assertion of error is that the trial court erred when it found that sufficient proof existed to support the claim of Dale Skrantz. We address this assertion first since we find it dispositive of the case.
Under La.Code Civ.P. art. 1702 and the jurisprudence interpreting that article, the party confirming a default judgment must present proof of the demand sufficient to establish a prima facie case. In the present case, Dale Skrantz asserts that there was a breach of a verbal contract between his mother and the Smiths. They agreed that he would be allowed to remove the “small house” from the property. Thus, he asserts that he may bring a claim for the enforcement of the contract as the beneficiary of a third party contract. We do not agree.
This court, in Homer National Bank v. Tri-District Development Corp., 534 So.2d 154, 156-57 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1236 (La.1989), held that “to be enforceable, the contract between the parties must not only make clear and manifest their intent to confer a benefit on a third *494 person but must also be in writing.” This court further held that “since plaintiff has failed thus far to state a cause of action and/or establish that it has a right of action to the relief sought, the trial court’s rendition of judgment on confirmation of default against defendant was error and must be reversed.” Id. at 157. As was the case in Homer, Skrantz has ^produced no writing to support his claim that he is a third party beneficiary to the contract between Hazel Skrantz and the Smiths. Because he failed to produce evidence sufficient to show a cause of action, the trial court’s confirmation of default was error. Accordingly, we reverse the trial court’s judgment confirming the preliminary default and remand this matter to the trial court.
CONCLUSION
For the above stated reasons, this matter is remanded to the trial court for further proceedings. Costs are deferred to the merits.
REVERSED AND REMANDED.
AMY, J., concurs in the result.