686 So.2d 817 (1997)
Shirley Lebreton RUSSELL
v.
ILLINOIS CENTRAL GULF RAILROAD, Mary Rosa Prieto, Wife of/and Emanuel G. Defraites.
No. 96-C-2649.
Supreme Court of Louisiana.
January 10, 1997.
*818 PER CURIAM.[*]
WRIT GRANTED.

FACTS
This writ presents the issue of whether an attorney's failure to give notice to opposing counsel of his intent, in an on-going petitory action, to take a default judgement against opposing counsel's client is an ill practice under La.Code Civ.P. art. 2004[1]. The trial judge annulled the default judgment obtained against the Defendants based upon the failure of Plaintiff's counsel to follow custom in the Twenty-Fourth Judicial District and inform Defendants' counsel of his intent to obtain a default judgment against the Defendants. According to the trial judge, the actions of the Plaintiff's attorney constituted an ill practice under La.Code Civ.P. art. 2004.
The court of appeal reversed the trial court's judgment. According to the court of appeal, there is no provision in the Code of Civil Procedure which requires an attorney to notify opposing counsel of his intent to take a default judgment against opposing counsel's client. Therefore, the court of appeal reasoned the action by Plaintiff's attorney in this case did not constitute an ill practice under La.Code Civ.P. art. 2004.

DISCUSSION
This litigation originated as a petitory action filed by Shirley Russell against the Illinois Central Gulf Railroad Company and the DeFraites. After receiving Plaintiff's petition, the DeFraites, who were represented by their daughter, filed a Motion For Extension of Time and a Dilatory Exception of Vagueness. The DeFraites prevailed at the hearing on the Exception of Vagueness, and the parties entered into a Consent Judgment whereby Plaintiff had thirty days to file an amended petition and the DeFraites had an additional thirty days to answer. On April 19, 1991, Plaintiff filed an Amended Petition, which was met with an Exception of Vagueness by Illinois Central Gulf Railroad. The DeFraites never filed an answer to Plaintiff's second amended petition. However, on July 29, 1991, Plaintiff's attorney filed an opposition to the railroad's Exception of Vagueness, and served the Defraites' attorney with a *819 copy. On December 6, 1993, the trial court ordered Plaintiff to amend her petition. In the meantime, on September 11, 1991, Plaintiff's attorney without ever attempting to communicate with the DeFraites' attorney, filed a Motion for Preliminary Default against the DeFraites. On October 17, 1991, a Default Judgment was rendered against the DeFraites.
The fact the Code of Civil Procedure does not mandate that counsel attempt to notify opposing counsel of his intent to seek a default judgment against opposing counsel's client does not mean that failure to do so in a an on-going petitory action is not an ill practice under La.Code Civ.P. art. 2004. La. Code Civ.P. art. 2004 "is not limited to cases of actual fraud or wrongdoing, but is sufficiently broad enough to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable." Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983).
Here, it was an ill practice for Plaintiff's attorney to obtain a default judgment without attempting to notify the opposing attorney when the opposing attorney had participated in the litigation proceedings and inadvertently failed to file an answer to Plaintiff's second amended petition. In addition, a petitory action differs in kind from suit whereby a Defendant does not intend to contest the Plaintiff's claims, such as a suit on an open account. A petitory action involves the acquisition of property rights in which the litigants intend to assert their respective rights to the property involved. In this case, the DeFraites were actively attempting to defend their property rights.
Under these circumstances, we find the action of the Plaintiff's attorney in this case does constitute an ill practice under La.Code Civ.P. art. 2004. Therefore, the default judgment obtained against the Defendants is annulled. La.Code Civ.P. art. 2004.
Based upon the foregoing, the judgement of the court of appeal is reversed, and the judgment of the trial court annulling the default judgment obtained against the Defendants is reinstated.

DECREE
REVERSED. JUDGEMENT OF TRIAL COURT REINSTATED.
MARCUS, J., not on panel.
VICTORY, J., would grant and docket.
NOTES
[*] Marcus, J., not on panel. Rule IV, Part 2, § 3.
[1] La.Code Civ.P. art. 2004 provides in pertinent part: A final judgment obtained by fraud or ill practices may be annulled.