820 So.2d 1173 (2002)
Sean CONERLY
v.
Mervin JEFFERSON.
No. 2001-CA-2220.
Court of Appeal of Louisiana, Fourth Circuit.
May 29, 2002.
*1174 Demetrie E. Ford, Gretna, LA, for Plaintiff/Appellee.
Jerald R. Madere, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR.).
*1175 Judge TERRI F. LOVE.
This case involves an alleged real estate transaction between the plaintiff, Sean Conerly ("Conerly"), and defendant, Mervin Jefferson ("Jefferson"). Conerly brought an action against Jefferson seeking a refund of money he allegedly paid to Jefferson for the property, plus reimbursement for the cost of renovations performed by Conerly. The trial court confirmed a default and rendered judgment in favor of Conerly. For the reasons outlined below we vacate the judgment of the trial court, and remand the matter.

FACTS AND PROCEDURAL HISTORY
Conerly and Jefferson entered into an oral agreement in August 1996, whereby Jefferson would sell the property located at 13924 Intrepid Street to Conerly for $33,000. There is no evidence of a written contract for this transaction contained in the record. Conerly allegedly paid Jefferson $33,000 in four installments, and performed various improvements to the property valued at approximately $25,000. The act of sale was to be performed by attorney James Munger, but never occurred because Jefferson became seriously ill and Conerly was incarcerated for three years. It was during this incarceration that the property in question was sold to Roslyn Jones on April 21, 1999, for $89,000. After learning of this sale, Conerly claims that he requested that Jefferson refund his money and Jefferson refused.
On April 25, 2001, Conerly filed an action for breach of contract, and unjust enrichment. On June 1, 2001, Jefferson filed a motion for extension of time to file his answer, which was granted, and received thirty days in which to respond to the claim.
On July 3, 2001, Conerly entered a default on July 6, 2001 and confirmed the default on July 11, 2001; a judgment was rendered on that date. The judgment required Jefferson to pay Conerly $50,000. On July 12, 2001, Jefferson filed his answer to Conerly's petition. It is from this judgment that Jefferson takes the instant appeal.

DISCUSSION
In his only assignment of error, Jefferson asserts that the trial court erred in confirming the default judgment in favor of Conerly.
To confirm a default judgment, a plaintiff must establish a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Caruso v. McBee, 99-3064, p. 2 (La.App. 4 Cir. 6/14/00), 767 So.2d 134, 134 (citing Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989)). In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Id. A plaintiff seeking a default judgment must prove both the existence and the validity of his claim. Id. There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Id. (citing Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972)).
Our review of the record reveals that Conerly did not meet his burden with the evidence he presented and that the trial court committed error by confirming a default judgment in his favor.
Louisiana jurisprudence is firm and consistent on the point that agreements to buy and sell real estate must be in writing to be binding and enforceable. La. C.C. art. 2440; Klotz v. Gertrude Gardner, Inc., 293 So.2d 601, 602-603 (La.App. 4th Cir. 1974). Conerly presented no written *1176 agreement between him and Jefferson for the sale of the property in question. The oral agreement between Conerly and Jefferson would be binding only if the property was actually delivered and the transferor recognized the transfer under oath. La. C.C. art. 1839. However, Conerly conceded that the act of sale was never executed and that he was never given title to the property. At the hearing, Conerly presented scant evidence to support his claims, only his testimony, the testimony of his girlfriend and his mother, three handwritten receipts of payments allegedly made to Jefferson, an estimate for the iron bars he was planning to put on the property, and a document showing Roslyn Jones as the owner of the property. Conerly failed to present evidence that a binding agreement existed between him and Jefferson, as such; Conerly is unable to meet his burden. Therefore, the confirmation of the default and rendition of the judgment was improper.
Further, we find that Conerly committed an "ill practice" when he did not notify Jefferson's counsel of his intention to confirm the default. The fact that the Code of Civil Procedure does not mandate that counsel attempt to notify opposing counsel of his intent to confirm a default against opposing counsel's client does not mean that failure to do so in an ongoing petitory action is not an ill practice under La. C.C.P. art.2004. Russell v. Illinois Central Gulf Railroad, 96-2649, p. 2 (La.1/10/97), 686 So.2d 817, 819. La. C.C.P. art.2004 "is not limited to cases of actual fraud or wrongdoing, but is sufficiently broad enough to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable." Id. (citing Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La. 1983)). In Russell, the Supreme Court found it improper for the plaintiff to obtain a default judgment without notifying the defendant, when the defendant had participated in the litigation proceedings and inadvertently failed to file an answer to the plaintiff's amended petition. In the instant case, Jefferson filed a motion for extension of time to file his answer, clearly indicating his intent to contest Conerly's claims. Although he filed his answer after the extension of time had expired, it is obvious that Jefferson was participating in the litigation. Conerly presented no evidence that he attempted to inform Jefferson of his intention to confirm the default. As such, Conerly's actions constitute an ill practice under La. C.C.P. art.2004.
We find that it was improper for the trial court to confirm a default and render a judgment in favor of Conerly because he failed to meet his burden on the claim, and committed an ill practice by not informing Jefferson of his intention to confirm a default.

CONCLUSION
For the foregoing reasons we vacate the judgment of the trial court and remand the matter.
VACATED AND REMANDED.
ARMSTRONG, J., concurs in the result.