TOBIAS, Judge.
The defendant/appellant, National Automotive Insurance Company (“National Automotive”) appeals from the trial court’s judgment which failed to set aside a default judgment entered against it. For the reasons below, we reverse the trial court and remand the case for a new trial.
The plaintiff, Larry Bethley, was injured in an automobile accident on 1 August 2000. He settled his claims against the other driver and her insurance company for her policy limits without filing suit. The plaintiff also filed a claim with his underinsured motorist carrier, National Automotive, which it did not pay.
The plaintiff filed the present suit against the defendant, National Automotive, on 30 July 2001, alleging that the defendant has failed to timely pay his claim and that the failure was arbitrary and capricious. The plaintiff sought his policy limits of $10,000.00, as well as penalties and attorney’s fees. The defendant *609 was served with the petition and citation on 9 August 2001. Counsel for the defendant filed a motion for extension of time to file responsive pleadings on 16 August 2001. The trial court signed an order that same day granting the defendant an extension of thirty days to file responsive pleadings. On 26 September 2001, the plaintiff filed a written motion for a judgment of default pursuant to La. C.C.P. |Part. 1701, which was granted that same day. The plaintiff confirmed the default on- 2 November 2001 and a judgment was signed that day. Unbeknownst to the plaintiff and the trial court, the defendant filed its answer on 2 November 2001.
When the defendant became aware of the judgment, it filed a motion for new trial to vacate the default judgment on 8 November 2001. On 11 January 2002, the plaintiff filed a motion to amend the judgment to correct an error of calculation. A hearing was held on 11 January 2002. The trial court rendered an amended judgment on 7 February 2002, granting the defendant’s motion for new trial to amend the judgment concerning the calculation of penalties under La. R.S. 22:658. The defendant filed a motion for a suspensive appeal on 14 February 2002, which was granted on 23 April 2002.
On appeal, the defendant argues that the trial court should have granted the motion for new trial and vacated the entire judgment, not just part of it, due to the lack of notice required by La. C.C.P. art. 1702(A). The defendant also suggests that the plaintiffs failure to notify its counsel of his intent to obtain a judgment of default and confirm it by judgment constituted an ill practice, therefore rendering the judgment of 2 November 2001 null.
La. C.C.P. art. 1702(A) provides:
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default. [Emphasis added.]
IjjThe statute was amended by Acts 2001, No. 512, to conform the procedure for default judgment with the Louisiana Supreme Court’s decision in Russell v. Illinois Central Gulf Railroad, 96-2649 (La.1/10/97), 686 So.2d 817, which held that it is an “ill practice” to confirm a judgment of default, without notice, against a party that has filed pleadings constituting an appearance of record in the litigation. Id. at p. 2, 686 So.2d at 819. The amended statute became effective on 15 August 2001, prior to the entry of the judgment of default or confirmation of the default.[1]
The Official Comments to La. C.C.P. art. 1702 further state that:
“[ajppearance of record” is intended to have the same meaning as in Article 1671, and include filing a pleading such as any one or more of the exceptions, appearing at a hearing, and formally enrolling as counsel of record. See the 1997 Comment to Article 1671.
*610 Official Comment 1997 to La. C.C.P. art. 1671 provides that “Mppearance of record includes filing a pleading, appearing at a hearing, and formally enrolling as counsel of record.” Under La. C.C.P. art. 852, written motions are considered pleadings.
The defendant’s filing the motion for extension of time constituted an appearance of record in the case,[2] and the plaintiff should not have proceeded to confirm the default on 2 November 2001 without sending the defendant notice of the date of the entry of the judgment of default by certified mail. Further, the trial court should not have confirmed the default judgment without evidence that the plaintiff had sent the defendant such notice. The failure of the plaintiff and the trial court to follow the procedures set forth in La. C.C.P. art. 1702 requires the | ¿granting of a new trial. Consequently, the judgments of 2 November 2001 and 7 February 2002 are invalid.
Furthermore, the defendant is correct that the plaintiffs failure to notify its counsel of his intent to seek a judgment of default after the defendant made an appearance in the case is an “ill practice” and is sufficient to nullify the judgment.[3] In Conerly v. Jefferson, 2001-2220 (La.App. 4 Cir. 5/29/02), 820 So.2d 1173, we held that the plaintiffs counsel committed an “ill practice” when he did not notify the defendant’s counsel of his intention to confirm a default. We stated:
The fact that the Code of Civil Procedure does not mandate that counsel attempt to notify opposing counsel of his intent to confirm a default against opposing counsel’s client does not mean that failure to do so in an on-going petitory action is not an ill practice under La. C.C.P. art.2004. Russell v. Illinois Central Gulf Railroad, 96-2649, p. 2 (La.1/10/97), 686 So.2d 817, 819. La. C.C.P. art.2004 “is not limited to cases of actual fraud or wrongdoing, but is sufficiently broad enough to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.” Id. (citing Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983)). In Russell, the Supreme Court found it improper for the plaintiff to obtain a default judgment without notifying the defendant, when the defendant had participated in the litigation proceedings and inadvertently failed to file an answer to the plaintiffs amended petition. In the instant case, Jefferson filed a motion for extension of time to file his answer, clearly indicating his intent to contest Conerly’s claims. Although he filed his answer after the extension of time had expired, it is obvious that Jefferson was participating in the litigation. Conerly presented no evidence that he attempted to inform Jefferson of his intention to confirm the default. As such, Conerly’s actions constitute an ill practice under La. C.C.P. art.2004.
Id. at pp. 4-5, 820 So.2d at 1176.
^Accordingly, the judgment of the trial court is reversed and the matter is remanded for new trial. All costs of this appeal are assessed against the plaintiff.

REVERSED AND REMANDED.

. The plaintiff contends that the amendment should not apply to the present case as the statute was amended subsequent to the filing of his suit. However, the amendment to the article was procedural in nature and therefore is retroactive.

. The pleading does not waive a party's right to assert an exception of lack of jurisdiction.

. La. C.C.P. art.2004 provides that "[a] final judgment obtained by fraud or ill practices may be annulled.”