851 So.2d 336 (2003)
MOSSY MOTORS, INC.
v.
CAMERAS AMERICA.
No. 2002-CA-1536.
Court of Appeal of Louisiana, Fourth Circuit.
June 25, 2003.
*338 Michael M. Christovich, Joseph E. Lee, III, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, LA, Jerry B. Jordan, Jordan Law Firm, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge CHARLES R. JONES, Judge TERRI F. LOVE).
WILLIAM H. BYRNES III, Chief Judge.
The defendants, Cameras America, LLC, Boyd Baker and Sarah Baker, jointly appeal a default judgment in favor of the plaintiff, Mossy Motors, Inc., in the sum of $61, 202.07, plus interests and costs.
The plaintiff, Mossy Motors, Inc., filed a petition alleging the failure of the defendants to properly monitor a surveillance system, which failure resulted in the unlawful entry onto the premises of Mossy Motors who caused $59,602.07 damage to a number of motor vehicles and $1,600.00 in damage to the fence on the property. The petition described the defendants as follows:
A. CAMERAS AMERICA, L.L.C.[1], ("Cameras America" or "Defendant"), on information and belief a Florida Limited Liability Company residing at 1176 Brampton Place, Lake Mary, FL 23746, and doing substantial business in the State of Louisiana and the Parish of Orleans;
B. BOYD BAKER[2], on information and belief a Florida domiciliary, and a principal and/or agent and/or officer of Cameras America, at 1176 Brampton Place, Lake Mary FL 23746;
C. SARAH BAKER[3], on information and belief a Florida domiciliary, and a principal and/or agent and/or officer of Cameras America, at 1176 Brampton Place, Lake Mary, FL 23746,
I. DEFENDANTS' ASSIGNMENT OF ERROR # 2
Taking the second of the defendants' four assignments of error first because it is the simplest and most straight forward, the defendants contend that the plaintiffs failed to make a prima facie case against the individual defendants, Boyd and Sarah Baker. We agree. As shown above, the plaintiff alleges that Cameras America is a Limited Liability Company. The plaintiff's petition alleges that the Bakers are agents and/or officers and/or principals of the LLC. The petition gives as their address, the address of the LLC. The allegations against the LLC on the face of the plaintiff's petition create a presumption against the individual liability of the individual defendants. The burden was on the plaintiff to overcome this presumption at the confirmation of the default.
The plaintiffs failed to allege or offer any proof to support a finding of individual liability separate from that of the LLC. The plaintiffs offered only one witness at *339 the hearing to confirm the default judgment: Roger Arthur Bacon, Jr., president and general manager of Mossy Motors. He gave the following testimony regarding the relationship between the plaintiff and Cameras America:
A. Cameras America is a company that designs and installs high tech security systems for monitoring purposes in various business with car dealerships specifically.
Q. And Mossy Motors paid Cameras America to conduct these monitoring activities?
A. For installation as well as monthly monitoring. [Emphasis added.]
Q. And part of your agreement with Cameras America, was that monitoring to be continuous 24 hours [a] day?
A. It was to be continuous with specific emphasis on after hours and weekends.
* * *
Q. And now, as part of your agreement with Cameras America, did they have the duty to report suspicious activity on the property to the police?
A. Yes.
Q. Did they have the duty to use the loud speaker to try to deter theft?
A. Yes, they did.
The plaintiff's sole witness, Roger Bacon, Jr., further testified concerning the relationship among the parties and the duties owed by the defendants to the plaintiff. However, Roger Bacon's testimony was limited to the LLC, Cameras America. The plaintiff offered no proof of any agreement between itself and the individual defendants. The plaintiff offered no proof of any duty owed by the individual defendants to the plaintiff. There is nothing in the record to support the decision of the trial court to cast the individual defendants in judgment along with the LLC. By way of analogy, see Concept 29 Uniform Service v. Roe, 542 So.2d 609 (La.App. 5 Cir. 1989), in which a default judgment was set aside in part as it pertained to an individual defendant against whom the plaintiff failed to establish a prima facie case of individual liability separate from that of the corporate defendant, Pat's Tire and Auto Service, Inc. Accordingly, it was error for the trial court to cast the Bakers in judgment.
II. DEFENDANTS' ASSIGNMENT OF ERROR # 1
In reviewing a default judgment, an appellate court is restricted solely to determining whether the record contains sufficient evidence to support a prima facie case. Brasseaux v. Allstate Insurance Company, 97-0526 (La.App. 1 Cir. 4/8/98), 710 So.2d 826; Phillips v. Space Master International, Inc., 96-877 (La.App. 5 Cir. 5/14/97), 696 So.2d 64; Brown v. Trinity Insurance Company, 480 So.2d 919 (La. App. 2 Cir.1985).
The presumption that the default was rendered upon sufficient evidence and is correct does not apply if testimony is transcribed and is contained in the record as is true in the instant case. Band v. First Bankcard Center, 94-0601 (La.App. 4 Cir. 9/29/94), 644 So.2d 211; Skrantz v. Smith, 96-516 (La.App. 3 Cir. 12/11/96), 685 So.2d 492; Carroll v. Coleman, 27,861 (La.App. 2 Cir. 1/24/96), 666 So.2d 1264; Bates v. Legion Indem. Co., 01-0552 (La. App. 1 Cir. 2/27/02), 818 So.2d 176.
Moreover, this Court notes that in Ascension Builders, Inc., supra, 263 So.2d at p. 877-879, the Supreme Court held that while it is not necessary to transcribe the testimony offered at a default hearing, nor is it necessary to make a note of evidence, *340 if the claim upon which the default is confirmed is based on written evidence that evidence must appear in the record.
The plaintiff's petition alleges in pertinent part that:
5.
On or about June 30, 2000, Mossy entered into a 5-year capital lease of video surveillance cameras for the purpose of monitoring the Broad Street Property.
This allegation and subsequent allegations contained in the petition describing certain details of the alleged lease agreement, while not specifying that the agreement was reduced to writing, admit of no other reasonable inference. The same can be inferred from the testimony of the only witness offered by the plaintiff when the default was confirmed.
On appeal, the defendants allege that the lease/contract for the video equipment with Mossy Motors was actually with another entity, Lease Corporation of America, which other entity purchased the video equipment from Crescent Diversified, Inc. The defendants also allege on appeal that Crescent Diversified, Inc. was responsible for the monitoring of the video equipment, but that agreement did not include the deterrence of suspicious activity.
The plaintiff's brief dodges the issue in this manner:
Though there was a contract here between Mossy and Cameras America, this matter was essentially a routine negligence claim[.]
The plaintiff does not deny the existence of a written agreement. The facts in this case create a striking analogy to those found in Ascension Builders, Inc. v. Jumonville, 263 So.2d 875, 878, 262 La. 519, 527-529 (1972), where the Supreme Court inferred the existence of a written contract under circumstances remarkably similar in principle to the substance of the facts of the instant case:
In order to obtain reversal of a default judgment appealed from, or to obtain a remand, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct. When the judgment recites, as it does here, that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against the defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970); Massey v. Consumer's Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789 (1953); Nugent v. Stark, 34 La.Ann. 628 (1882).
This presumption which exists, when there is no note of evidence of parol testimony, that the judgment is well founded and that it was based on competent evidence, is a fair and reasonable one conducive to the efficient administration of justice and should be given much weight. It has long been recognized in our law. Escurieux v. Chapduc, 4 Rob. 323 (La.1843); Hubbell v. Clannon, 13 La. 494 (1839).
But it is, after all, only a presumption. It does not attach when the record upon which the judgment is rendered indicates otherwise. The presumption cannot be applied, for instance, in a case where the plaintiff's demand is one which of necessity, under the law, depends upon written proof. In such a case there should be more to support the presumption than the mere statement, more or less Pro forma, that the court, on confirmation of default, receives `due proof in support' of *341 the demand, or "the law and evidence being in favor thereof." Francois v. Cloud, supra[, 149 So.2d 678 (La.App. 4 Cir.2/04/63)]; Landreneau v. Perron, 174 So. 140 (La.App. 1937).
The question, then, is whether the absence from the record of the written building contract and the lien affidavit that form the basis of this suit makes it appear that the judgment was not rendered upon sufficient evidence and is not for that reason correct. If this is so, the presumption of legality which attaches to this judgment is removed, and the record must be found to be insufficient to support the judgment. A written contract was undoubtedly entered into by the parties and is the basis for the construction of the bakery building. The itemized statement annexed to the petition and made a part thereof refers to the balance `due on original contract.' This language alleges a contract. Plaintiff's counsel, moreover, concedes in brief that `although a contract does exist it is not recorded.' [Emphasis added.]
Id.
Just as the Supreme court in Ascension Builders inferred the existence of a written contract not in evidence, this Court is compelled to draw a similar inference in the instant case. Accordingly, it was error for the trial court to confirm the default in the absence of the written contract, or sufficient evidence to overcome the preponderating inference of the existence of a written contract.
III. DEFENDANTS' ASSIGNMENT OF ERROR # 3
The defendants in their third assignment of error contend that it was an ill practice for the plaintiff to default them when the plaintiff knew that they were represented by local counsel, Mr. Harold Dearie. We disagree.
The question in the instant case is whether its similarities to this Court's decision in, Conerly v. Jefferson, 2001-2220 (La.App. 4 Cir. 5/29/02), 820 So.2d 1173, outweigh its differences to such an extent that we should reach the same result in the instant case, i.e., was plaintiff's counsel required to give defendants' counsel prior notice of his intent to confirm the default. The relevant part of the Conerly decision is as follows:
Further, we find that Conerly committed an "ill practice" when he did not notify Jefferson's counsel of his intention to confirm the default. The fact that the Code of Civil Procedure does not mandate that counsel attempt to notify opposing counsel of his intent to confirm a default against opposing counsel's client does not mean that failure to do so in an on-going petitory action is not an ill practice under La. C.C.P. art.2004. Russell v. Illinois Central Gulf Railroad, 96-2649, p. 2 (La.1/10/97), 686 So.2d 817, 819. La. C.C.P. art.2004 "is not limited to cases of actual fraud or wrongdoing, but is sufficiently broad enough to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently[4], to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable." Id. (citing Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983)). In Russell, the Supreme Court found it improper for *342 the plaintiff to obtain a default judgment without notifying the defendant, when the defendant had participated in the litigation proceedings and inadvertently failed to file an answer to the plaintiff's amended petition. In the instant case, Jefferson filed a motion for extension of time to file his answer, clearly indicating his intent to contest Conerly's claims. Although he filed his answer after the extension of time had expired, it is obvious that Jefferson was participating in the litigation. Conerly presented no evidence that he attempted to inform Jefferson of his intention to confirm the default. As such, Conerly's actions constitute an ill practice under La. C.C.P. art.2004. [Emphasis added.]
Conerly, p. 4, 820 So.2d at p. 1176.
This case differs from Conerly and Russell v. Illinois Central Gulf Railroad, 96-2649 (La.1/10/97), 686 So.2d 817, in that in those cases it appears that prior to the default, although the defendant in neither case had filed a timely answer, they had made their legal presence felt to a significantly greater extent than the defendants did in the instant case.
In Crump v. Bank One Corp., 35,990, pp. 8-11 (La.App. 2 Cir. 5/8/02), 817 So.2d 1187, 1191-1193, the appellate court affirmed the default in spite of facts far more favorable to the defendant than those found in the instant case:
In this instance, FGB simply failed to file an answer. Even though its discovery responses were captioned with the case name, docket number, and court, there was no question or confusion as to whether FGB's responses were in answer to the petition. FGB's discovery responses were clearly captioned as answers to the discovery requests by Crump and not as answers to her petition. The denials of liability expressed by FGB in its responses were in answer to specific interrogatories and requests for admissions of fact propounded by Crump. The denials of liability were not in response to Crump's petition. [Emphasis added.]
Having concluded that the discovery responses filed by FGB are not sufficient as an appearance or answer so as to preclude the harsh remedy of a default judgment, we also conclude that the filing of the discovery responses did not entitle FGB to notice of Crump's intent to take a default judgment. [Emphasis added.] As amended by Acts 2001, No. 512 § 1, La. C.C.P. art. 1702(A) now provides, in pertinent part:
When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.
According to the 2001 comments, Article 1702 was amended to conform the default procedure to the rationale of Russell v. Illinois Central Gulf Railroad, 96-2649 (La.1/10/97), 686 So.2d 817, which held that confirmation of a default judgment without notice against a party that had filed pleadings constituting an appearance of record was an ill practice. The comments further explain that "appearance of record" is intended *343 to have the same meaning as in La. C.C.P. art. 1671. The 1997 comments under La. C.C.P. art. 1671, which pertains to voluntary dismissals, refers to appearance of record as including "filing a pleading, appearing at a hearing, and formally enrolling as counsel of record." [Emphasis added.]
In Russell, supra, the party against whom the default judgment was rendered had participated in the ongoing litigation by filing a motion for extension of time and a dilatory exception of vagueness in response to the plaintiff's original petition. When the exception of vagueness was granted, the parties entered a consent judgment allowing the plaintiff additional time to file an amended petition and the defendants additional time to answer. The plaintiff filed an amended petition, which the defendant failed to answer. Without attempting to contact the defendant's attorney, the plaintiff obtained a default judgment. The supreme court found the failure to attempt to notify opposing counsel in this ongoing petitory action of the intent to take a default judgment to be an ill practice under La. C.C.P. art. 2004. The court noted that opposing counsel had participated in the litigation proceedings, had inadvertently failed to file an answer to the amended petition, and had been actively attempting to defend the property rights at issue.
In this instance, the only action taken by FGB was the filing of discovery responses into the record. It did not file pleadings, appear at a hearing, or have an attorney formally enroll as counsel of record in these proceedings prior to confirmation of the default judgment. [Emphasis added.] Also, the facts here do not involve ongoing litigation as in Russell, supra. FGB's failure to file an answer was without excuse or good cause. As a sophisticated litigant, FGB should be fully aware of the need to answer a petition and the consequences which arise from the failure to do so. Its actions in this matter do not amount to either an appearance in the record or participation in litigation which would require notice before confirmation. [Emphasis added.] Accordingly, we find that the trial court did not err in allowing Crump to proceed with the confirmation of the default judgment notwithstanding the discovery responses filed by FGB.
Lastly, FGB argues that the trial court abused its discretion in denying its motion for a new trial. FGB argues that the "interests of justice" necessitate a new trial because its discovery responses raise a contested issued as to its liability for Crump's account. FGB's argument in support of a new trial again questions the adequacy of Crump's case against it in confirming the default judgment.
In reviewing the denial of a motion for a new trial after proper confirmation of a default judgment, the reviewing court must be particularly cautious in examining the circumstances underlying the judgment. Thibodeaux v. Burton, 538 So.2d 1001 (La.1989); Lamb v. Lamb, 430 So.2d 51 (La. 1983); Hickman v. Wm. Wrigley, Jr. Co., Inc., 33,896 (La.App.2d Cir.10/4/00), 768 So.2d 812. The trial court has much discretion in determining if a new trial is warranted, and its ruling cannot be set aside except in a case of a manifest abuse of that discretion or where the facts convince the reviewing court that a miscarriage *344 of justice would result. Lamb, supra; Hickman, supra. The trial court's denial of new trial will not be disturbed on appeal even though the defendant may assert in his motion for a new trial that he has a meritorious defense. Carroll v. Coleman, supra[, 27,861 (La.App. 2d Cir.1/24/96), 666 So.2d 1264]. Additionally, the mere failure to file an answer, without more, is not adequate grounds to grant a new trial. Lamb, supra; Carroll v. Coleman, supra. [Emphasis added.]
Thus, knowledge that the defendant has legal representation is not the standard for overturning a default. The proper standard is the clear, objective and reasonably predictable standard set forth in Crump, i.e., "an appearance of record" under La. C.C.P. art. 1702(A) and as defined by the 1997 Comment to La.C.C.P. art. 1671 must occur before prior notice of intent to confirm a default is required. The mere fact that a plaintiff may have knowledge that a defendant has representation is not sufficient to require notice of intention to confirm a default. In Crump the defaulted defendant's attorney filed answers to discovery requests prior to the time the plaintiff confirmed the default, but the Crump court found that this was insufficient to constitute an "appearance of record" under La. C.C.P. art. 1702(A), i.e., the filing of a discovery response is not equivalent to "filing a pleading, appearing at a hearing, and formally enrolling as counsel of record." The filing of a discovery response is not the filing of a pleading because La. C.C.P. art. 852 declares that:
The pleadings allowed in civil action, whether in principal or incidental action, shall be in writing and shall consist of petitions, exceptions, written motions, and answers.... [Emphasis added.]
As a discovery response is neither a petition, exception, written motion nor an answer, Crump's conclusion that such a filing is not a pleading and, therefore, not an appearance of record is correct.
Nothing that defendants or their counsel did in the instant case constituted an appearance of record. This establishes an objective bright-line standard that has the advantage of clarity and predictability as well as adequate safeguards for a defendant's due process rights.
Accordingly, we find that plaintiff's counsel was not obligated to notify the defendants or their counsel of his intent to confirm the default. There is no merit to the defendants third assignment of error.
IV. DEFENDANTS' ASSIGNMENT OF ERROR # 4
Defendants argue that under LSA-C.C.P. art. 1702(A) the plaintiff was required to send them notice by certified mail at least seven days prior to the confirmation of the default. The plaintiff is not required to do this where, as in the instant case, the defendants have made no appearance of record. There is no merit to this assignment of error.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED
NOTES
[1] Emphasis original.
[2] Emphasis original.
[3] Emphasis original.
[4] Emphasis added.