TERRI F. LOVE, Judge.
 

 |TDuckworth Properties, L.L.C. appeals the annulment of a default judgment against Clarence Williams and Irma Williams. The trial court granted the petition of Mr. and Mrs. Williams to annul the default judgment entered in favor of Duck-worth due to the improper practices of counsel for Duckworth. Because the record reflects that the trial court’s decision was reasonable, we affirm.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 On April 1, 2008, Irma Williams filed suit in the Civil District Court for Orleans Parish against Duckworth Properties, L.L.C. (“Duckworth”) for breach of contract. Mrs. Williams alleged in her petition that Duckworth failed to properly restore her home pursuant to their contract of July 6, 2006. Mrs. Williams further
 
 *289
 
 sought removal of a lien Duckworth had placed on her property for a sum it alleged she had failed to pay as per their contract.
 

 Subsequently, on June 20, 2008, Duck-worth filed a suit against Mrs. Williams and her husband, Clarence Williams, in First City Court for breach of contract. Duckworth alleged in its petition that Mr. and Mrs. Williams (collectively referred to as “the Williamses”) failed to pay certain sums pursuant to the contract. Duck-worth’s suit against the Williamses arose out of the same 12transaction as that of the suit pending in Civil District Court against Duckworth.
 

 On July 16, 2008, Duckworth obtained a default judgment against the Williamses. On April 7, 2009, the Williamses filed a petition to annul the default judgment pursuant to La C.C.P. art.2004, which was granted by the trial court at a hearing conducted on November 19, 2009. Duck-worth appeals the annulment, claiming that the trial court erred in granting same.
 

 STANDARD OF REVIEW
 

 “Trial courts are permitted discretion in deciding when a judgment should be annulled because of fraud or ill practices, to which discretion reviewing courts will defer.”
 
 Wright v. Louisiana Power & Light,
 
 06-1181, p. 12 (La.3/9/07), 951 So.2d 1058, 1067. Our courts have examined each case from an equitable viewpoint to “ascertain whether allowing the judgment to stand would be inequitable or unconscionable” considering the practice by which the party was able to obtain the judgment.
 
 Alonso v. Bowers,
 
 222 La. 1093, 64 So.2d 443, 444 (1953).
 

 ANNULMENT
 

 A final judgment obtained by fraud or ill practices may be annulled. La. C.C.P. art 2004(A). To determine whether a judgment has been obtained by actionable fraud or ill practices, it must be shown that: “(1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief, and (2) the enforcement of the judgment would have been unconscionable and inequitable.”
 
 Johnson v. Jones-Journet,
 
 320 So.2d 533, 537 (La.1975). “[T]he article is not limited to cases of actual fraud or intentional wrongdoing”; however, it “is sufficiently broad to encompass” situations where:
 

 a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where |3the enforcement of the judgment would be unconscionable and inequitable.
 

 Kem Search, Inc. v. Sheffield,
 
 434 So.2d 1067, 1070 (La.1983).
 

 Duckworth avers that no fraud or ill practices were employed in acquiring the default judgment against the Williamses, and that the trial court therefore had no basis upon which to annul the default judgment. In their petition to annul the default judgment, the Williamses alleged that Duckworth’s counsel engaged in ill practices by filing suit in First City Court and obtaining a default judgment against them while their suit was pending against Duck-worth in Civil District Court. In its oral reasons for judgment, the trial court found that the actions of Duckworth’s counsel amounted to ill practices.
 

 Duckworth argues that, because the Williamses were properly served with its petition for breach of contract, entry of default judgment following the legal delays was proper. To support this position, Duckworth cites various cases where the defendant’s failure to act was the decisive factor in upholding default judgments.
 

 
 *290
 
 Duckworth’s reliance on such cases is misplaced, however, because the case
 
 sub judice
 
 differs factually from those cited by Duckworth where the defendant pursues an action for nullity as a substitute for an appeal from a default judgment or as the solution to legal rights lost though one party’s negligence. Here, the Williamses do not dispute that they were served nor that they were obligated to respond. Rather, the Williamses sought annulment of the default judgment because of the alleged ill practices of Duckworth’s counsel.
 

 Ill Practices
 

 As referenced above, La. C.C.P. art.2004
 

 |4is not limited to cases of actual fraud or wrongdoing, but is sufficiently broad enough to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.
 

 Russell v. Illinois Cent. Gulf R.R.,
 
 96-2649 (La.1/10/97), 686 So.2d 817, 819,
 
 quoting Kem Search,
 
 434 So.2d at 1070. The Louisiana Supreme Court has found it to be an ill practice when an attorney obtains a default judgment without attempting to notify the opposing attorney when the opposing attorney participated in the litigation proceedings and the defendants were actively attempting to defend their rights.
 
 Kem Search,
 
 434 So.2d at 1070;
 
 Russell,
 
 96-2649, 686 So.2d at 819.
 

 Here, Duckworth took a default judgment against the Williamses in First City Court without notice to their attorney while their suit against Duckworth was pending in Civil District Court regarding the same contractual dispute. Although the Williamses had not participated in the First City Court litigation at the time the default judgment was entered there, their suit in Civil District Court itself demonstrated that they were actively attempting to defend their rights in the contract dispute.
 

 In
 
 Power Mktg. Direct, Inc. v. Foster,
 
 05-2023, p. 1 (La.9/6/06), 938 So.2d 662, 664, the Louisiana Supreme Court found that
 

 [a] party’s failure to give notice to an opposing party of his intent to take a default judgment against the opposing party, who is actively participating in litigation pending in a foreign jurisdiction
 
 between the same parties arising out of the same factual basis and contesting identical questions of law,
 
 constitutes fraud or ill practice under La. C.C.P. art.2004. (Emphasis added).
 

 There, a breach of contract action was filed by Power Marketing against Foster in the state of Ohio pursuant to a choice of law clause contained in the parties’ | r,contract.
 
 Foster,
 
 05-2023, p. 2, 938 So.2d 662, 664. Then, while the Ohio suit was pending, Foster filed a suit against Power Marketing in the Fourth Judicial District Court in Louisiana.
 
 Foster,
 
 05-2023, p. 3, 938 So.2d 662, 665. Power Marketing’s registered agent for service of process refused service, but Foster obtained a default judgment without advising Power Marketing’s counsel in Ohio.
 
 Foster,
 
 05-2023, p. 4, 938 So.2d 662, 665. Power Marketing moved to annul the default judgment, and the trial court rendered judgment annulling the default judgment.
 
 Foster,
 
 05-2023, pp. 5-6, 938 So.2d 662, 665-67.
 

 The court in
 
 Foster
 
 reasoned that, even though Power Marketing undisputably did not participate in the Louisiana suit, its participation in the Ohio litigation by filing its pleading there clearly indicated its intent to participate in the litigation of the contested issues raised by Foster in the
 
 *291
 
 Louisiana suit.
 
 Foster,
 
 05-2023, pp. 16-18, 938 So.2d at 673-74. The court emphasized the fact that the questions or issues contested arise out of the same contractual dispute between the same parties.
 
 Foster,
 
 05-2023, p. 16, 938 So.2d at 673. The court concluded that it constituted ill practice for Foster to obtain a default judgment without attempting to notify Power Marketing when Power Marketing had participated in the litigation proceedings, albeit in Ohio.
 
 Foster,
 
 05-2023, pp. 18-19, 938 So.2d at 674.
 

 Although
 
 Foster
 
 involved a forum selection clause, which Foster violated when he filed suit in Louisiana, we do not find that fact dispositive of the outcome. The Supreme Court specified that its ruling in
 
 Foster
 
 was “in keeping with the spirit of
 
 Kem Search
 
 and
 
 Russell
 
 and our notions of fair play and equity.”
 
 Foster,
 
 05-2023, p. 20, 938 So.2d at 675. Accordingly, we find that it constituted ill practice for Duckworth to take a default judgment against the Williamses in one jurisdiction while a suit arising out of the same contractual dispute was pending in |fianother jurisdiction.
 

 Moreover, by taking a default judgment against the Williamses in the First City Court action, Duckworth’s counsel violated a local rule of court. Orleans Civil District Court Local Rule 6(4) states:
 

 To achieve continuity of case management, and to avoid the appearance of forum shopping, it is the policy of the court that subsequent but related cases should be transferred to the division to which the original case was allotted, whether or not such earlier case is still pending. It shall be
 
 the duty of any attorney in such cases to call to the court’s attention the existence of such earlier case.
 
 (Emphasis added.)
 

 Duckworth’s counsel failed to meet his obligation to call the pending Civil District Court case to the attention of the First City Court Judge. Because the actions of Duckworth’s counsel caused the default judgment to be rendered against the Williamses through ill practice, we find that the nullity was proper under La. C.C.P. art.2004.
 

 Finally, Duckworth alleges that, because the Civil District Court suit was not properly served on his client until after entry of the default judgment, local Rule 6 should not apply, thereby negating the Williams’ argument that its counsel engaged in ill practices. The Civil District Court’s proceedings and record are not before us. Therefore, Duckworth’s argument regarding the insufficiency of service in that suit is immaterial. Duckworth had actual notice of the matter pending in Civil District Court when he filed Duckworth’s suit in First City Court. Lack of formal notice does not excuse Duckworth’s attorney from complying with the Civil District Court’s local rules regarding consolidation of the two related cases.
 

 Although actual knowledge of the filing of a suit has no bearing on the necessity of citation and service, actual knowledge may affect the issue of ill 17practice.
 
 Palombo v. Palombo,
 
 94-95, p. 6 (La.App. 3 Cir. 10/5/94), 643 So.2d 445, 448-49. Duckworth’s attorney admitted at the hearing on the petition to annul that he knew of the Civil District Court suit long before his client was formally served. Duckworth’s attorney therefore acted in violation of his Rule 6 duty to the Civil District Court when he took a default judgment in a related case in First City Court, which amounts to ill practice in the context of a La. C.C.P. art.2004 analysis.
 

 We find that the circumstances under which the default judgment was rendered showed the deprivation of legal rights of the Williamses and that the enforcement of
 
 *292
 
 the default judgment would have been unconscionable and inequitable as regards to the disposition of their suit in Civil District Court.
 

 DECREE
 

 Applying the foregoing precepts to the facts of this case, we conclude that the Williamses were unfairly deprived of an opportunity to present their defenses and thereby lost legal rights because of a default judgment whose enforcement would be unconscionable and inequitable. Therefore, the judgment of the trial court annulling the default judgment against the Williamses is affirmed.
 

 AFFIRMED.