EDWIN A. LOMBARD, Judge.
| ¶ This appeal stems from an attempt by Dodiyi William West (“Mr.West”), the Plaintiff/Appellant to set aside a judgment of June 16, 2005 dismissing his pro se petition to annul a judgment rendered against him. For the reasons below, we affirm the ruling of the trial court.

RELEVANT FACTS AND PROCEDURAL HISTORY

The case originated from an automobile accident on June 25, 1983. The appellant originally secured a judgment against the defendants. The appellant’s ultimate goal was to execute the judgment from the personal injury lawsuit concluded September 28, 1998. However, this court overturned that judgment on October 4, 2000. West v. Melancon, 1999-1980 (La.App. 4 Cir. 10/4/00), 772 So.2d 166, Rehearing denied, Writ not considered, 01-0281 (La.3/23/01) 787 So.2d 1006.
Thereafter, the appellant filed a petition in nullity on October 1, 2001 to annul the dismissal granted by this court. However, Mr. West failed to properly serve the defendants, but was given the opportunity to cure that defect. Mr. West served the defendants on March 2, 2004 to which the defendants filed various | 2exceptions. The trial court dismissed Mr. West’s action in nullity on August 2, 2004.
On September 8, 2004, Mr. West filed a motion for a rehearing, or alternatively, an order of appeal in the trial court and requested sanctions against the defendants. The trial court signed the order of appeal on October 8, 2004. The appellant sought to have the appeal order rescinded and a hearing scheduled on his motion for rehearing. On February 3, 2005, the appellant filed a Motion to Revoke Order of Appeal, which was granted on March 4, 2005. The appellant requested a hearing on May 3, 2005 for his motions. The trial court set the hearing for June 3, 2005. The appellant did not attend the hearing, and the trial court dismissed his motions. On June 7, 2005, the appellant filed a Motion of Reconsideration, alternatively a Motion and Order for Appeal. On June 8, 2005, the trial court signed a second order allowing the appellant to appeal the dismissal of the action in nullity. This appeal followed.

DISCUSSION

The appellant argues that he is attempting to execute the judgment of September 28, 1998. That judgment was dismissed and appealed through the Louisiana Supreme Court. Therefore, that judgment is final, which can no longer be appealed. Therefore, the only alternative is to have the judgment annulled.
*811 To that end, the appellant filed the action in nullity that is the subject of this appeal. According to Louisiana Code of Civil Procedure article 2001, a final judgment may be rendered null for vices of form or substance. An action for nullity for fraud or ill practices must be brought within one year of the judgment. La.Code Civ. Pro art.2004. The appellant filed his action in nullity on October 1, 2001. Therefore, the action in nullity was filed timely.
| ^However, an action in nullity is not a substitute for a timely appeal or a “second chance to prove a claim that was previously denied for failure of proof.” Belle Pass Terminal, Inc. v. Jolin, Inc. 01-0149, p. 4 (La.10/16/01), 800 So.2d 762, 766. When reviewing the trial court’s findings on an action in nullity, the reviewing court does not review whether the judgment was right or wrong, but whether the trial court’s findings were reasonable. Id.
After reviewing the record before us, we hold that the trial court’s findings were reasonable. Therefore, the decision of the trial court is affirmed.
AFFIRMED