GASKINS, J.
| Nlie trial court denied a motion for summary judgment filed on behalf of Theresa Payne. Ms. Payne filed a writ application seeking review of that decision. This court granted the application. For the following reasons, we reverse the trial court decision, grant summary judgment in favor of Ms. Payne, and dismiss the action of nullity filed by Libbey Glass, Inc. We also remand for a determination of Ms. Payne’s entitlement to attorney fees.
*528 FACTS
On December 3, 2004, Theresa Payne filed suit against Libbey Glass, Inc. (“Lib-bey”) in the Shreveport City Court. Ms. Payne alleged that she was an employee of Libbey, and claimed that Libbey failed to pay her wages for July 4, Labor Day, and for one week of vacation pay, all in 2004.[1] Ms. Payne attached to her petition a copy of a demand letter she claimed that she sent to Libbey in September 2004, without effect. This petition was served upon Lib-bey at its factory in Shreveport through Peter Williams, Human Resources Manager.
Libbey filed an answer to the petition, alleging that it did not owe Ms. Payne the amounts demanded. In a letter of explanation attached to its answer, Libbey (through “Jennifer Warner, Human Resources”) claimed that it had paid Ms. Payne — prior to the filing of the lawsuit— for the July 4 and Labor Day holidays in 2004, for one additional day as a holiday, and for 48 hours of vacation pay. Libbey also asserted that Ms. Payne was still employed by Libbey. Attached to Libbey’s answer were payroll registers Lfrom November 24, 2004, purporting to show payment for 48 hours of “Hly Vacation” pay in the amount of $328.01, and 24 hours of “Holiday” pay in the amount of $221.75.
Trial was scheduled for January 20, 2005. The minutes of court reflect that the plaintiff was present, but Libbey made no appearance. The judge required Ms. Payne to ensure that service of process was made upon Libbey at its proper agent for service. Ms. Payne amended her claim’s service information; this time the claim was served on Libbey on January 31, 2005, through its agent, CT Corporation in Baton Rouge.
Trial was scheduled for March 10, 2005. On that date, Ms. Payne appeared, but Libbey again did not make an appearance. The minutes of court reflect:
Case on the docket for default and called. Plaintiff Theresa Payne present and testified. Defendant Libby (sic) Glass not represented by an attorney nor agent. Copy of 2 check stubs and copy of bank • statement of Theresa Payne filed into the record. Judgment rendered in favor of plaintiff in the amount of $1,588.00 plus court cost and interest ...
There is no transcript of the trial, but the bank statement and check stubs referred to in the minute entry are included in the record. The statement, covering the month beginning on November 23, 2004, shows two deposits by Libbey into Ms. Payne’s account credited on November 26, 2004, in the amounts of $328.01 and $221.75. Notice of the trial court’s judgment was mailed to Libbey on March 10, 2005.
Approximately two months later, on May 11, 2005, a letter was filed into the record which was written by Peter Williams, “Human Resources Manager” at Libbey. He acknowledged that Libbey had failed to answer or 13timely respond to Ms. Payne’s petition after it had been properly served, but asked the judge to review Libbey’s original answer anyway. Libbey again asserted in its letter that it had paid Ms. Payne the amounts she claimed to be owed prior to the filing of her lawsuit and asked the court to recall its judgment in favor of Ms. Payne.
*529 Although clearly untimely as a motion for new trial, the trial judge treated the document as timely filed and fixed the matter for a hearing on July 8, 2005. The minutes of court show that both Ms. Payne and Libbey, through its “agents,” Jennifer Warner, appeared at this hearing. The court continued the hearing on the motion for new trial until July 14, 2005.
The minutes of court for July 14, 2005, reflect:
Case on the docket for motion for new trial. Attorney Lacey Wallace present on behalf of plaintiff Theresa Payne present. Defendant Libbey Glass, Inc. failed to appear and not represented. Order rescinding, revoking and voiding the motion for new trial signed ...
Notice of this judgment was mailed to Libbey on July 15, 2005. Libbey took no appeal and sought no other review.
On August 12, 2005, Libbey filed an action of nullity in the Shreveport City Court. Libbey asserted that Ms. Payne obtained judgment against it through fraud or ill practices. Specifically, Libbey argued that it paid Ms. Payne the wages she demanded prior to the filing of her lawsuit and that she knew that fact when she filed suit. Ms. Payne answered the lawsuit and denied that she obtained the original judgment through fraud or ill practices.
| ¿Ms. Payne filed a motion for summary judgment. She asked the court to dismiss Libbey’s action of nullity on the grounds that Libbey forfeited its right to raise these defenses by neglecting to defend itself in the original action. According to her memo in support of her motion, she attached the entire record in the earlier proceeding that led to the judgment. Lib-bey opposed Ms. Payne’s motion for summary judgment; the company did not attach any evidence to its opposition. The court held a hearing on the motion in February 2006 and denied the motion. Ms. Payne sought supervisory review of that ruling, and this court granted certio-rari.
LEGAL PRINCIPLES
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).
The party opposing summary judgment cannot rest on the mere allegations or denials in his pleadings, but must show that he has evidence which, if believed, could satisfy his evidentiary burden of proof at trial. If he has no such evidence, then there is no genuine issue of material fact, and |fithe movant is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App. 2d Cir.1/25/06), 920 So.2d 355.
Because the applicable substantive law determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Lemann v. Essen Lane Daiquiris, Inc., 2005-1095 (La.3/10/06), 923 So.2d 627.
A final judgment obtained by fraud or ill practices may be annulled. La. C.C.P. art. *530 2004. In Belle Pass Terminal, Inc. v. Jolin, Inc., 2001-0149 (La.10/16/01), 800 So.2d 762, the Louisiana Supreme Court stated:
Louisiana jurisprudence sets forth two criteria to determine whether a judgment has been rendered through fraud or ill practices, and is thus subject to nullification: (1) whether circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief; and (2) whether enforcement of the judgment would be unconscionable or inequitable.
While the law is clear that a final judgment obtained by fraud or ill practices may be annulled under La. C.C.P. art. 2004, the rule is well-settled that he who seeks to have a judgment against him set aside must allege and prove that he had good reasons for his failure to appear and timely plead. In other words, he must allege and prove facts which would excuse his failure to plead any defense he might have had. Pryor v. Gions, 188 So.2d 739 (La.App. 2d Cir.1966).
The absence of a valid and sufficient reason for a party’s failure to defend a suit in which a default judgment has been taken, when defenses could and should have been pleaded, precludes that party from later | fimaintaining an action for nullity of the judgment for fraud or ill practices based on those defenses. Phillips v. Patin, 517 So.2d 190 (La.App. 1st Cir.1987). See also State, Through Department of Health and Human Resources, Office of Family Sec., in the Interest of Brown v. Beauchamp, 473 So.2d 323 (La.App. 1st Cir.1985), writ denied, 477 So.2d 1125 (La.1985); State, Department of Social Services, Office of Family Support in the Interest of Glass v. Robinson, 31,025 (La.App. 2d Cir.9/23/98), 718 So.2d 609, writ not considered, 1998-2704 (La.12/18/98), 731 So.2d 277; Johnson v. Jones-Journet, 320 So.2d 533 (La.1975).
In State, Department of Social Services, Office of Family Support in the Interest of Glass v. Robinson, supra, this court explained:
Furthermore, a party seeking an annulment must demonstrate how he was prevented or excused from asserting any defenses he may have had, i.e., that he was deprived of the knowledge of the existence of the defense relied on, or the opportunity to present it, by some fraud or ill practice on the part of the other party.
Our courts have also examined each case from an equitable viewpoint to ascertain whether allowing the judgment to stand would be inequitable or unconscionable considering the practice by which the party was able to obtain the judgment. Thus the article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.
Our jurisprudence is equally clear, however, that an action for nullity is not a substitute for an appeal from a default judgment, nor is it the solution to legal rights lost through one party’s negligence or failure to act. “It is also not unconscionable or inequitable to enforce a default judgment even though a | defendant had a valid defense but failed to timely assert it.” Furthermore, a default judgment, otherwise legally valid, cannot be set aside and avoided for the purpose of affording a defendant an opportunity to offer a defense solely because that judgment is *531 erroneous and such action would be in furtherance of justice. [Citations omitted.]
DISCUSSION
In this case, we find Libbey’s arguments in favor of its action for nullity to be unpersuasive. The record clearly shows that Libbey received timely notice of this claim. Although there was initially a mix-up about the proper address for service of Ms. Payne’s petition, the trial judge recognized the error and required Ms. Payne to serve the defendant at the proper location. Having received notice at the proper address, the defendant took no action to defend the lawsuit at the trial. Accordingly, after the presentation of Ms. Payne’s evidence, a default judgment was entered.
In Louisiana Safety Association of Timbermen Self-Insurers Fund v. Temlaco, Inc., 39,459 (La.App. 2d Cir.4/28/05), 903 So.2d 492, this court stated:
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702. A prima facie case is established when the plaintiff proves the essential allegations of the petition with competent evidence to the same extent as if the allegations had been specifically denied. The plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial.
An appellate court’s review of a default judgment is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Generally, to obtain a reversal of a default judgment, a defendant must overcome the presumption that the judgment has been rendered on sufficient evidence and is correct. However, this presumption does not attach when the record upon which the judgment was rendered indicates otherwise. [Citations omitted.]
|sIn the instant case, there is no transcript of the trial nor a narrative agreed upon by the parties concerning what transpired at the trial. The absence of these materials is imputable to Libbey in this case; on review, this court applies the presumption that the trial court’s judgment is supported by competent evidence and that it is correct. See, e.g., Creech v. Creech, 29,499 (La.App. 2d Cir.5/7/97), 694 So.2d 589.
The defendant’s answer to the lawsuit alleged that in November 2004, it paid Ms. Payne the amounts allegedly owed prior to the filing of her lawsuit. At trial, Ms. Payne introduced into evidence her November bank statement containing these deposits clearly originating with Libbey. The trial judge had evidence showing that Libbey paid these amounts to Ms. Payne on the dates asserted by Libbey in its answer prior to rendering judgment in favor of Ms. Payne. In the absence of a transcript of the trial, it is impossible to know what other evidence the trial judge heard, but the evidence affirmatively shows that Ms. Payne did not try to hide from the trial court the November 2004 payments from Libbey.
Subsequently, Libbey made an application to the trial court for a new trial, again urging that it had already paid Ms. Payne the wages she sought in her lawsuit. Although Libbey’s request was made long after the delay for filing such a request set by La. C.C.P. art. 4907, and long after the delay for filing an appeal set by La. C.C.P. art. 5002, the trial court nevertheless opted to entertain evidence from Libbey on the issues forming the substance of Lib-bey’s action of nullity. However, despite adequate notice and this |flsecond opportunity to appear, Libbey failed to attend the scheduled hearing on the motion for new trial.
*532 In response to an action for wages, the claim that wages have already been paid is a substantive defense that is ultimately decided by findings made by the trier of fact. Libbey had two opportunities—one of which it was granted despite an untimely request—to present facts to the district court in support of its defense. The defendant failed both times to appear and present those facts it alleged in opposition to Ms. Payne’s demand. The defendant has offered no explanation for its failure to appear and defend against Ms. Payne’s claims. The record affirmatively shows that at the trial of this matter, Ms. Payne did not try to hide from the trial court the November 2004 deposits from Libbey; she introduced into evidence her bank statement showing that those deposits were made.
The record reveals no other indication regarding the basis for the trial court’s ruling in favor of Ms. Payne, but there is no evidence that Ms. Payne acted in bad faith in obtaining the judgment.[2] Certainly there is nothing in this record that suggests that any act of Ms. Payne prevented Libbey from raising any defense that it may have had. Libbey has failed to demonstrate that the default judgment against it was obtained through fraud or ill | mpractices. The circumstances under which the judgment was rendered do not show a deprivation of the legal rights of Libbey. The company has not shown any factors demonstrating that it was prevented or excused from asserting its defenses. Further, Libbey has failed to show that the enforcement of the judgment would be unconscionable or inequitable. As stated above, it is not unconscionable or inequitable to enforce a default judgment even though the defendant had a valid defense and failed to timely assert it, and an action for nullity cannot be a substitute for an appeal. Under these circumstances, we conclude that Libbey is improperly using this action for nullity as a substitute for an appeal that it failed to request timely in the original proceeding. Accordingly, Ms. Payne is entitled to have her motion for summary judgment granted, dismissing Libbey’s action for nullity.
La. C.C.P. art. 2004 provides that the prevailing party in a nullity action brought under this article may be awarded attorney fees. In the plaintiffs motion for summary judgment and in her brief to this court, she requests attorney fees. From this record we are unable to assess the amount of time plaintiffs attorney worked on this case. We, therefore, remand the matter to the trial court to determine reasonable attorney fees.
CONCLUSION
For the reasons, stated above, we reverse the judgment of the trial court denying the plaintiffs motion for summary judgment. Summary judgment is hereby granted in favor of Theresa Payne, dismissing Libbey’s _[Jiaction for nullity. Costs in this court are assessed to Libbey. This matter is remanded to the trial court to determine reasonable attorney fees.
REVERSED AND REMANDED.

. It would appear that the plaintiff made these allegations after being terminated from her employment with Libbey. However, she never said that her employment at Libbey had terminated. At the time Libbey answered the plaintiff’s pleadings, it contended that she was still legally an employee of Libbey and had not yet been terminated.

. We note that there are several possibilities for the trial court’s awarding $1,588.00 in damages. While Libbey may have drafted a check to Ms. Payne the week prior to her filing suit, she may not have received the payment, or knowledge of the payment, prior to her instituting suit. There also may have been a discrepancy between the amount paid and the amount due to Ms. Payne. Further, Ms. Payne, although paid for her work time, may have been owed penalties due under La. R.S. 23:631-632 arising from Libbey's almost two-month delay in payment after written demand had been made.