EDWIN A. LOMBARD, Judge.
hThe Appellant, Rodney Leon Roebuck, seeks review of the district court’s denial of his Motion for an Article 2002 and 2004 Judgment Annulment. Finding that the judgment is neither manifestly erroneous nor clearly wrong, we affirm.
Mr. Roebuck and the Appellee, Lorraine Elaine Roebuck (“Ms. Jones”) [1]\ were married on February 14, 2014, in St. Bernard Parish. Ms. Jones later filed a Petition for Divorce and Verification in the 34th Judicial District Court on March 17, 2015. She requested that service upon Mr. Roebuck be held. Mr. Roebuck accepted service of the divorce petition from the Clerk of Court’s Office on April 15, 2015.
Mr. Roebuck did not file an answer to the petition. Consequently, Ms. Jones filed a Motion for Preliminary Default, after the passing of the applicable delay periods, as well as an Affidavit in Lieu of Testimony that she executed. The district court subsequently issued an order granting a preliminary default. Thereafter, a judgment of divorce was signed by the court on May 27, 2015.
| ¡After discovering that a divorce judgment has been rendered, Mr. Roebuck filed his Motion for an’ Article 2002 and 2004 Judgment Annulment (“the Motion”). Through the Motion, the district court first learned that Mr. Roebuck had filed for divorce in the Chancery Court of Hinds County, Mississippi, prior to Ms. Jones filing for divorce and that the Mississippi proceeding was still pending. The district court later denied the Motion following a hearing. Mr. Roebuck timely filed the instant appeal wherein he raises four assignments of error:
1. The district court erred in failing to hold that the failure to attempt legal service is an absolute nullity under La. Code Civ. Proc. art. 2002, for vices of form;
2. The district court erred in failing to hold that the concealment of court records from Mr. Roebuck rendered the divorce judgment relatively null under La. Code Civ. Proc. art. 2004(A), for fraud or ill practice;
3. The district court’s untimely rendering of the judgment on his nullity motion is cause to reverse said judgment; and
4. The district court’s failure to continue the divorce proceeding while the Mississippi case was pending is cause to reverse.
Prior to addressing the merits of Mr. Roebuck’s assignments of error, we note that Mr. Roebuck’s second assignment of error is not properly before this court. The Motion was filed in the existing divorce proceeding, district court case number 15-0302. However, Mr. Roebuck was required to file a separate petition for *1213 nullity to raise ■ claims of fraud and ill practice under La. Code Civ. Proc. art. 2004.
|sThe First Circuit explained that with regard to k nullity action brought under La. Code Civ. Proc. art. 2004, “an action to annul a judgment based on alleged fraud or ill practices cannot be collaterally attacked in the existing proceedings, but must be brought by a direct or new and separate proceeding in the court that rendered the judgment sought to be annulled.” Bracken v. Payne & Keller Co., 14-0637, p. 7 (La.App. 1 Cir. 8/10/15), 181 So.3d 53, 58. Thus, Mr. -Roebuck used an improper procedure to assert his claims under La. Gode Civ. Proc. art. 2004. Consequently, this claim is not properly before this Court on appeal. We will address Mr. Roebuck’s remaining assignments of error below.
La. Code of Civ. Proc. art. 2002 Claims
In his first assignment of error, Mr. Roebuck argues that the divorce judgment should have been nullified because it is null for lack of service of process and the judgment was rendered against him when he was not represented as required by law.
Mr. Roebuck avers that La, Code Civ, Proc. art. 2002(A) provides that a final judgment rendered against a defendant who has not been served with process and has not entered a general appearance is an absolute nullity. He further argues that the district court did not have jurisdiction over him because he was never served with a copy of the divorce petition.
Although the district court determined that he had been served, Mr. Roebuck avers that proof of service was necessary, and none was presented to the district court. Therefore, he maintains that the divorce judgment is null for lack of service 14of process. He further explains that he was not going to be permitted to read the divorce petition by the clerk without accepting service of the petition. He avers that he ■ signed to accept service of the petition though he believed the petition was un-servable.
Louisiana Code Civ. Proc. art. 2002 provides in pertinent part:
A. • A final judgment shall be annulled if it is rendered: - •'
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against ' whom a valid judgment by default has not been taken. . ,
(3) By a court- which does not have jurisdiction over the subject matter of the suit.
The facts of this case reveal that none of the codal requirements for nullification under art, 2002 exist- in the instant matter. Under La. Code Civ. Proc. art. 2002(A)(1), a final judgment shall be annulled if it is rendered against an incompetent person who is unrepresented. A mentally incompetent person has no procedural capacity to be sued. La. Code Civ. Proc. art. 733. “However, our law does not expressly provide a definition of a mentally incompetent person, nor does it delineate a standard for what constitutes mental incompetency. It appears, therefore, that mental incompetency is a conclusion of fact based upon evidence.” Wales v. Maroma, 589 So.2d 51, 51-52 (La.App. 1st Cir.1991) (citing Neff v. Ford Motor Credit Company, 347 So.2d 1228 (La.App. 1st Cir.1977)). Mr. | ¿Roebuck does not allege that he qualifies as an incompetent person, nor does he offer proof that he is incompetent.
Furthermore, under La. Code Civ. Proc. art. 2002(A)(2), a final judgment shall be nullified if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been *1214 taken. In the matter sub judice, Mr. Roebuck accepted service from the Glerk of Court’s office, but did not file an answer to the divorce, petition nor did he file any exceptions. Ms. Jones, therefore, moved for a,preliminary default, which was granted and later confirmed by the district court. Thus, the criteria for nullifying the judgment under this section of art. 2002 in not met because a valid default judgment was rendered by the district court.
The -last remaining section of La. Code Civ. Proc. art. 2002 provides that a judgment shall be nullified if it is rendered by a court that did not have subject matter jurisdiction. The district court explained in its Reasons for Judgment that pursuant to La. Code Civ. Proc. art. 10(A)(7)[2], it had subject matter jurisdiction over the divorce because at least one spouse, Ms. Jones, was living in Louisiana and was domiciled- in St. Bernard Parish. Thus, the district court reasoned that |fiannulment of the judgment under art. 2002 was improper. We agree that the district court had subject matter jurisdiction over the divorce proceedings under La. Code Civ. Proc. art. 10(A)(7).
Considering that none of the requirements for nullification under' art. 2002 were met, we hold that' this assignment of error is without merit.
Missed Delay Period
In his next assignment of error, Mr. Roebuck argues that the district court missed the delay period to issue the nullity judgment, which he avers is grounds for reversal. He points out that his motion was heard on November 6, 2015 and denied on December 15, 2015. The judgment was filed in the Clerk of Court’s office on December 18, 2015. He contends that said office. served the judgment on December 22, 2015, and he received the same on December 24, 2015. Mr. Roebuck inexplicably contends that the district court missed a delay period by nine days. He could possibly be referring to the amount of days that passed between the time the judgment was rendered and when he received the judgment. Mr. Roebuck does not cite any law or legal precedent in support of his argument.
Furthermore, we note that the Notice of Judgment sent to the parties on December Í5th from the Clerk of Court’s office contains an explanation that the parties are being served with- a judgment pursuant to La. Code Civ. Proc. art. 1913.[3] *1215 Article 1913 does not contato a delay period fór . service . ' of a judgment. ^Furthermore, the Louisiana Code of Civil Procedure does not require that the district court issue a judgment on a nullity motion within a certain amount of time. Finally, we' note that the failure to timely render a judgment is not recognized as a ground for nullification under either La. Code Civ. Proc. arts. 2002 or 2004. For the foregoing reasons, we find that this assignment of error is without merit.
Failure to Continue the Louisiana Divorce Proceeding
Lastly, Mr. Roebuck argues that the district court erred in denying his motion for nullity because the district court’s failure to continue the divorce proceedings while his Mississippi divorce case was pending is cause for reversal. He also contends that the trial court did not give “full faith and credit to the Mississippi court.”
Mr. Roebuck does not present a valid ground for nullification of the divorce judgment to this assignment of error. This is because this argument is not |scognizable under the La. Code of Civ. Proc. articles pertaining to nullification, specifically La. Code Civ. Proc. art'. 2002.
Furthermore, the district court was under no obligation to continue its proceedings while the Mississippi case was still pending, especially considering that it is unclear whether Ms. Jones had been served in that matter. ’ Moreover, Mr. Roebuck did not file an answer or exceptions challenging the district court’s jurisdiction.
In its Reasons for Judgment, the district court explained that the Motion was Mr. Roebuck’s first filing in the Louisiana divorce proceeding. It is undisputed that it was in the Motion that Mr, Roebuck first related that he had filed for divorce to Mississippi prior to Ms. Jones filing her petition for divorce.. Thus, the district court had no knowledge of the Mississippi lawsuit prior to rendering its judgment.
The district court also explained that pursuant to La. Code Civ. Proc. art. 532[4] a court “may” stay all proceedings on its own motion in a second suit until the first suit pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities. Thus, a stay is discretionary on the part of the district court. However, this is a moot issue as the district court was unaware of the pending Mississippi case prior to rendering | athe divorce judgment. In light of the facts of the instant matter, we find that this assignment of error is without merit.
DECREE
For the foregoing reasons, the judgment of the district court denying the Motion for an Article 2002 and 2004 Judgment Annulment of Rodney Leon Roebuck, is affirmed.
AFFIRMED
LOBRANÓ, J., concurs in the result.

. The former Mrs. Roebuck now uses the surname of Jones.

. La. Code Civ. Proc. art. 10(A)(7) states:
A.A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
(7) An action of divorce, if, at the time of filing, one or both of the spouses are domiciled in this state.

. La, Code Civ. Proc. art. 1913 states:
A. Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel,
B. Notice of the signing of a default judgment against a defendant on whom citation was not served personally, or on whom citation was served through the secretary of state, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service, or in the case of a defendant originally served through the secretary of state, by service on the secretary of state.
C.Notice of the signing of a default judgment against a defendant on whom citation was served personally, ánd who filed no exceptions or answer, shall be mailed by the clerk of court to the defendant at the address ⅝ where personal service was obtained or . to the last known address of the defendant.
D; The clerk shall file a certificate in the record showing the date on which, and the *1215 counsel and parties to whom, notice of the signing of the judgment was mailed. E, . Repealed by Acts 2008, No. 824, § 5, eff. Jan. 1, 2009.

. La. Code Civ. Proc. art. 532 states:
When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States On the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.